IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERRICK R. COOMBS                         :
            Petitioner                    :
        v.                                : Civil Action No. 96-333J
RAYMOND J. SOBINA, Superintendent,:
S.C.I. SOMERSET, et al.,                  :
            Respondents                   :

## Report and Recommendation

### Recommendation

Petitioner's pleadings styled "Motion to Recall Order, and Relief From Judgment and Mandatory Evidentiary Hearing," docket no. 128, "Motion for Summary Judgment," docket no. 130, and "Motion for Declaratory Judgment," docket no. 131, should be denied.

### Report

In the first phase of the presentation of petitioner's habeas corpus petition, I recommended that the petition be dismissed without prejudice for failure to exhaust state court remedies. The court adopted my recommendation, and by April 1998, the Court of Appeals for the Third Circuit had denied a certificate of appealability. In September 1999, petitioner filed a Rule 60 motion seeking to reopen the original petition. In March 2000, I observed that petitioner could not use Rule 60 as a vehicle for having his unexhausted petition heard, and expressly advised petitioner that he must file a new petition. The court again adopted my recommendation, and in May 2001, the Court of Appeals for the Third Circuit denied a certificate of appealability.

Now, by three motions filed in April, May, and September 2005, petitioner attempts again to use Rule 60 to revive his petition. Petitioner, whose conviction was in Centre County and who is confined at S.C.I. Camp Hill, has meanwhile also litigated a petition in the Middle District of Pennsylvania seeking a writ of habeas corpus as to the same Centre County conviction. See Coombs v. Dragovich, No. 01-4193 (3d Cir. July 3, 2003), affirming Coombs v. Dragovich, C.A. No. 01-696 (M.D.Pa. November 6, 2001)(dismissing petition for lack of exhaustion.)

Even if there had been no proceedings in the Middle District, petitioner may not proceed by filing repetitive Rule 60 motions in this court, and it exposes the court to a paralyzing waste of time if it must respond in detail every time petitioner (or any other litigant) files a clearly meritless motion retracing ground already covered. The Clerk should also be directed to return any future pleadings filed by petitioner at the above caption, without prejudice to petitioner filing a new petition if appropriate.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: October 17, 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
        Derrick R. Coombs CT-1800
        S.C.I. Camp Hill
        P.O. Box 200
        Camp Hill, PA 17001-0200

        Centre County District Attorney's Office
        Centre County Courthouse, Room 404
        Bellefonte, PA 16823